## THE STATE OF KANSAS V. HARVEY BROWN.

1. CRIMINAL TRIAL; *Challenges for Cause; Opinion of Juror.* In a criminal prosecution for murder, while the jury were being impanneled, one of the jurors, upon an examination as to his competency to serve as a juror, stated "that he had formed the opinion that the deceased was killed, and that the defendant killed him," and nothing further was shown with reference to the competency of said juror; and the defendant then challenged said juror for cause, and the court overruled the challenge; *Held*, that the court erred.

2. —————— And the defendant having exhausted all his peremptory challenges in said case, the error will be considered material, although said juror was afterward discharged by the court on one of the defendant's peremptory challenges.

*Appeal from Atchison District Court.*

BROWN was convicted of murder in the second degree, at the June Term 1874 of the district court, and sentenced to imprisonment in the penitentiary for the term of fifteen years, and he brings the case here on appeal, for review. The error complained of, and the facts in relation thereto, are stated in the opinion.

*F. D. Mills*, for appellant.

*S. H. Glenn*, county-attorney, for The State.

The opinion of the court was delivered by.

VALENTINE, J.: The defendant, Harvey Brown, was charged with killing and murdering one William H. Phillips.

The charge was murder in the first degree. The defendant was tried, and found guilty of murder in the second degree. After he was sentenced, he brought the case to this court on appeal. Several errors are assigned, but it will not be necessary to consider many of them. Among other assignments of error, the defendant claims that the court below erred in impanneling the jury. The record shows that, "upon the examination of said jurors, touching their competency to serve as jurors in said cause, L. S. Howe, one of said jurors, answered in response to the question, whether he had formed or expressed an opinion upon any material fact in the case, that he had formed the opinion that Phillips, the deceased, was killed, and that Brown (the defendant,) killed him." And again, "the question was asked said juror in the following manner and form: Have you formed or expressed an opinion that Phillips the deceased was killed, and that Brown, the prisoner, killed him? and the said juror answered that he had so formed an opinion." Said juror was then challenged for cause, but the court overruled the challenge. Afterward however the defendant challenged said juror peremptorily, and he was discharged on the peremptory challenge. The defendant exhausted all his peremptory challenges. The foregoing is all that the record shows concerning said juror. Section 10 of the Bill of Rights of the constitution provides that a defendant in a criminal action shall have the right to be tried "by an impartial jury;" and § 205 of the criminal code, (Gen. Stat. 853,) provides that, "It shall be a good cause of challenge to a juror that he has formed or expressed an opinion on the issue, or any material fact to be tried." We think the court below erred. The question, whether the defendant killed Phillips, was a "material fact to be tried." It was indeed one of the principal facts in this case. The question of the competency of jurors, as involved in this case, differs widely from the question concerning the same subject decided in the case of *The State v. Medlicott*, 9 Kas. 257. There is nothing in this case that tends to show that the opinion of the juror amounted only to an impression,

slight or otherwise. There is nothing that tends to show that the opinion was founded merely upon newspaper articles, or rumor. And there is nothing which tends to show that the opinion was hypothetical, conditional, indefinite, or uncertain. It would seem from the record, that the opinion was in fact *an opinion*, and that it was definite and absolute. We have no disposition to disturb in the least the rule enunciated by the court in the Medlicott case. But this case differs so materially from that case, that while this court held that there was no error in impanneling the jury in that case, we must hold that there was error in impanneling the jury in this case. And as the defendant exhausted all his peremptory challenges, we must hold that the error was material, although said juror was finally discharged by the court on one of the defendant's peremptory challenges.

The judgment of the court below is reversed, and cause remanded for a new trial.

All the Justices concurring.