Curry v. The State.

RICHARD D. CURRY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Practice in Criminal Cases:** QUALIFICATION OF JURORS. If, upon examination of a juror, it is shown that he has an opinion, founded upon rumor, newspaper reports, or hearsay, and it shall satisfactorily appear that the character of such opinion is such that it will not interfere with his rendering an impartial verdict, it is not error to admit him to the jury. Loose and unguarded expressions made by persons at the time the offense is committed and not thought of afterwards, are entitled to very little, if any, weight, as objections to a juror.

2. ———: EVIDENCE. In a prosecution for an assault with intent to murder, physicians and surgeons may be allowed to testify what in their opinion would be the natural and probable results of injuries inflicted by the accused upon the person assaulted.

3. ———: ASSAULT WITH INTENT TO MURDER. Under the statute, an assault with intent to murder is but one offense, and if the indictment contains no other, a general verdict of guilty is good and valid.

4. ———: INSTRUCTIONS TO JURY. When instructions requested are substantially given in the charge prepared by the court on its own motion, it is not error to refuse to repeat them, though expressed in language different from that used by the court.

ERROR from the district court of Douglas county. Tried below before SAVAGE, J. It was a re-trial of the cause, granted by this court, and reported in 4th Neb., 545. Resulting in the conviction of the prisoner he again sued out a writ of error to this court.

*C. A. Baldwin*, for plaintiff in error.

*George H. Roberts, Attorney General* (with whom was *John M. Thurston*), for the state.

GANTT, J.

The plaintiff in error was indicted for an assault with intent to murder one Edward Rosewater.

The main ground of error relied on relates to the supposed disqualification of Charles Wilkins, a juror, who after his examination upon his *voir dire*, was challenged for principal cause, and the ground of the challenge is that he had expressed an opinion in relation to the issue. It is a constitutional guaranty that in all criminal prosecutions the accused shall have the right of "a trial by an impartial jury," that is, a jury "not biased in favor of one party more than another; indifferent; unprejudiced; disinterested." This right to have an impartial jury cannot be abridged, and therefore, the body of the triers should be composed of men indifferent between the parties, and otherwise capable of discharging the duty of jurors. Whether, in the practical administra-

tion of justice, the right is infringed, is necessarily a judicial question; and whether, in a particular case, a proposed juror has the state of mind which will render him impartial, is a question of fact, which it is the duty of the court, trying the case, to decide. "The constitution does not prescribe rules of evidence; it only requires the fact of the impartiality of the jury to exist," and therefore "the previous demeanor of the juror, the information he may have received, or the opinions he may have entertained or expressed, are only evidence of the state of his mind, and are material only as they may tend to show a free judgment of the case, the existence of prejudice against either of the parties, or his indifference between them;" and from all the evidence disclosed, the court must decide whether the jurors have the qualifications which the constitution requires they should possess. However, by the provisions of section 468 of the criminal code, it seems that if a juror has formed or expressed an opinion, founded upon conversations with witnesses of the transaction, or reading reports of their testimony, or hearing them testify, he may for such opinions be successfully challenged for principal cause, without further examination; but if his opinion is founded upon reading newspaper statements, communications, comments, or reports, or upon rumor, or hearsay, it will not disqualify him as a juror, if from all the evidence disclosed the court shall be satisfied that he will render an impartial verdict. This latter clause of the section is not repugnant to the constitutional guaranty; it simply prescribes, as a rule of evidence that an opinion based on such grounds shall not be conclusive evidence of incompetency, and it leaves the judicial mind perfectly free to find the fact of the juror's competency, or incompetency, according to the truth, from the evidence submitted. Hence, "if from the investigation, the court is satisfied that the character of the

opinion is such that it will not interfere with the jurors rendering an impartial verdict, it is authorized to admit him to the jury; but if not satisfied, he is to be rejected." *Cooper v. The State*, 16 Ohio State, 331.

The juror Charles Wilkins, on his examination, distinctly stated several times that he had not formed or expressed an opinion as to the guilt or innocence of the accused. However, on cross-examination by counsel for the accused, to the question: "Do you say you have formed an opinion as to the guilt or innocence of the defendant?" He answers, "I have;" but we think the juror very satisfactorily explains this answer, when he afterwards stated that he had read and heard of the case, but did not pretend to have heard all the case, and that he had thought nothing about it since the temporary opinion was expressed, which he got for a moment. Loose and unguarded expressions made at the time the offense was committed, and not thought of afterwards, are entitled to very little weight; and it can scarcely be said that the opinion of the juror amounted to anything more than such an expression. It is not claimed that he heard any conversation of witnesses of the transaction, or read reports of their testimony or heard them testify, and, therefore, if his expression is considered as an opinion formed, it would merely be hypothetical, dependent alone upon what he read and heard, without pretending to know all the facts and circumstances of the case. In *McCausland v. Crawford*, 1 Yeates, 378, it is said that "prejudging and giving an opinion on a statement of certain facts, are very different things. The first implies a strong disposition to favor one side or the other; a determination to find one way, let the evidence be what it may. The last involves the truth of certain facts and propositions in the sentiments delivered; and impressions thus made may be effaced by the production of other evidence." The first renders the

person incompetent as a juror; the second is an opinion only binding or influencing the juror, provided the case should turn out as represented, and this is a hypothetical opinion. And such hypothetical opinion is natural to the human mind, for experience teaches us that few persons can keep their minds from the expression of some opinion upon hearing the strong one-sided statements made by rumor or newspaper comments. Rogers, J., in delivering the opinion in the case of *The Commonwealth v. Flanagan*, 7 Watts & Sergeant, 422, very justly remarks, that "it is difficult, if not impossible for men, in moments of general excitement to repress all feelings, and refrain from expressing themselves in strong and emphatic language, which means but little at the time and is soon forgotten, having none or very slight influence on their future conduct."

In *Baxter v. The People*, 3 Gilm., 377, it is said that "most jurors, when inquired of as to their opinion, have not been in the habit of carefully analyzing their minds on the subject, and the first answer which they give, especially to questions ingeniously framed to elicit a desired reply, may be very far from giving the true state of the person's mind. Hence, it is not uncommon to observe during the examination by the counsel on either side, the most palpable contradictions in the expressions used by jurors in giving the extent of their opinions, and that too by men of intelligence and integrity. It often happens that a juror may suppose that his belief in the existence of a certain fact, will constitute an opinion, when in truth it may be necessary to establish a great many other facts, before the guilt or innocence of the party could be established. A man may be charged with murder, and the juror may have no doubt but that the person alleged to have been murdered, was killed, and that the accused killed him, and yet have no sort of an idea whether the homicide were justifiable, excusable or

felonious. No one will pretend that such a juror has an opinion of the guilt or innocence of the accused. If such opinions were to disqualify jurors, it would in very many, if not in a majority of instances, be utterly impossible to get a jury in these cases."

In the case under consideration the evidence does not tend to show that the juror had any fixed and definite opinion as to the guilt or innocence of the plaintiff in error. Such an opinion is necessary to sustain a challenge for principal cause; but an opinion imperfectly formed or merely hypothetical, "may be urged by way of challenge to favor, which is to be allowed or disallowed, as the triers may find the fact of favor or indifferency." No such challenge was made in the case. *Baxter v. The People, supra. The State v. Benton,* 2 Dev. & B., 212. *The People v. Bodine,* 1 Denio., 308.

It is contended that the court erred in admitting the testimony of several medical men, who were examined on the part of the prosecution, in respect to the natural and probable result of the injuries inflicted on E. Rosewater by the accused. The questions propounded to these witnesses upon the subject are all substantially like the following: "State what in your opinion would be the natural and probable result of such injuries as you found upon Mr. Rosewater's head?" The charge in the indictment is an assault with intent to commit murder. The intent therefore is an essential and material ingredient to constitute the offense charged; and this *intent* is an important question of fact to be determined by the jury from the evidence in the case; and we think that all evidence which tends to disclose the natural and probable results of the acts of the accused, and to reflect light upon the question, may be admitted. It is true that such evidence consists of opinion only, but, because the physician has made the subject of inquiry a particular object of study, the law makes his opinion competent

evidence whereby the facts which science supplies to him, through him are made available to the jury. It seems well settled as a rule of law that physicians and surgeons may be allowed to say, upon a state of facts testified either by themselves or other witnesses, whether in their opinion a particular wound or blow described, would be adequate to cause death, or even whether such wound was, in their opinion, the cause of death. In a prosecution for murder, the object of such evidence relates to the inquiry of fact, whether the killing was or was not with a felonious or malicious *intent*. And why shall not the rule apply to prosecutions like the one under consideration? In either case the fact sought to be proved is the *intent;* and we find no reason why all evidence which legitimately reflects light upon the subject of inquiry, should not be admitted. 1 Phil. on Ev., 378. *Rex v. Harvey,* 2 B. & C., 268. *Commonwealth v. Rogers,* 7 Metc., 504. *Livingston's Case,* 14 Gratt., 603, *Hathorn v. King,* 8 Mass., 371. And in the case of *The State v. Shields,* 1 West Law Journal, 118, it is held that if death is the natural and probable consequence of wounds inflicted in an assault, the jury may infer that death was intended. We are of opinion that the evidence was properly admitted. But it may be proper, however, to observe, that the opinion of medical men in such cases, should be considered in connection with the evidence of other facts, namely, the language of the accused uttered at the time of the assault, the violence of the assault, the nature and kind of weapon used, and from all the circumstances disclosed by the testimony, the jury must determine the question of fact as to the intent of the accused.

In regard to the verdict it is only necessary to remark that, by statutory provision, an assault with intent to murder is but one offense, and as this is the only offense charged in the indictment, we can have no doubt of the validity of a general verdict of guilty.

The several instructions asked to be given to the jury on the part of the plaintiff in error, and refused, were substantially and very fairly given in the general charge of the court to the jury.

We find no sufficient grounds in the record to disturb the judgment of the court below in this case.

JUDGMENT AFFIRMED.