THE STATE OF KANSAS V. JOHN B. WELLS.

MURDER; *Juror, No Error in Overruling Challenge of.* The defendant was prosecuted, convicted and sentenced for murder in the first degree. While impaneling the jury, one of the jurors stated on his *voir dire* that he was convinced that the deceased was dead and that the defendant had killed him, and that it would require a great deal of evidence to remove this conviction. The defendant challenged the juror for cause, but the trial court overruled the challenge. It appeared from the questions asked by the defendant's counsel to other jurors before this challenge was overruled, that the death of the deceased and the killing of him by the defendant were conceded. Also, immediately after the jury was impaneled, the defendant's counsel stated to the jury that it would appear from the evidence that the defendant had killed the deceased; but that it would be shown that the killing was done in self-defense; and the evidence did in fact show, beyond all doubt, that the deceased was killed by the defendant; and the record of the case also contains the following concession made by the defendant's counsel after the trial of the case, to wit: "It is conceded by counsel for defendant that the verdict is sustained by the evidence and justified by the testimony." And the verdict of the jury was undoubtedly right. *Held*, That the trial court did not commit any material or substantial error in overruling the defendant's challenge of the juror for cause.

*Appeal from Leavenworth District Court.*

AT the December Term, 1881, of the district court, *John B. Wells* was convicted of murder in the first degree and sentenced accordingly, from which judgment he appeals. The opinion states the facts.

*Thomas P. Fenlon,* for appellant.

*Wm. Dill,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in this case was prosecuted, convicted and sentenced in the district court of Leavenworth county for murder in the first degree, and he now appeals to this court. The person alleged to have been killed and murdered was William N. Waddell. The defendant claims that the court below erred in overruling his challenge made for

21 — 28 KAS.

cause to four jurors, and particularly to the juror Samuel L. Norton.. The juror Norton, on his *voir dire,* said that he "was convinced that William N. Waddell was dead," "and that defendant had killed him," and "that it would require a great deal of evidence to remove this conviction." The record, however, shows that "it appeared from the questions asked by defendant's counsel to other jurors before this challenge was overruled, that the death and killing by defendant was conceded." And immediately after the jury was impaneled, the defendant's counsel stated to the jury "that it would appear from the evidence that defendant had killed the deceased, but that it would be shown that the killing was done in self-defense;" and the evidence did in fact show beyond all possible doubt that the deceased was killed by the defendant. And the record also contains the following concession made by the defendant's counsel after the trial of the case, to wit: "It is conceded by counsel for defendant that the verdict is sustained by the evidence and justified by the testimony."

Upon all these facts and circumstances, did the court below commit material and substantial error in overruling the defendant's challenge of said juror for cause? The question is, perhaps, a close one. The defendant claims that the question is decided by the case of *The State v. Brown,* 15 Kas. 400; but we do not think that it is. In that case no such concessions were made by the defendant's counsel as were made in the present case; and such concessions, we think, make a very great difference in the case. Except for such concessions, the ruling of the court below would unquestionably be erroneous; for in this state, a defendant in a criminal action is entitled to have his case tried by an impartial jury. (Constitution, Bill of Rights, §10.) And certainly where a person is charged with murder in the first degree, and one of the jurors is "convinced" before he has heard the evidence, that the defendant killed the deceased, and is convinced to such an extent "that it would require a great deal of evidence to remove this conviction," such juror is not an impartial juror. Besides, § 205 of the criminal

code provides that "It shall be a good cause for challenge to a juror, that he has formed or expressed an opinion on the issue, or any material fact to be tried." (Comp. Laws of 1879, p. 756.) And if the defendant, by his counsel, had not conceded that he killed the deceased, such killing would have been a very material fact in issue in the case, and a very material fact to be tried. As the fact of the killing, however, was everywhere conceded in the present case, as it was not in reality a material fact in issue in the case, as it was not a fact contested by the defendant before the jury, but was a fact admitted and confessed to the jury, we think the court below did not commit any material and substantial error in overruling the defendant's challenge for cause. The juror also stated upon his *voir dire* "that he believed he could give the defendant a fair and impartial trial." There can probably be no doubt but that the juror was a fair and impartial juror upon every question that was really in issue in the case. And we think the verdict in the case is unquestionably right.

The defendant also claims that the court below erred in its instructions. We think it is true that some of the instructions are open to criticism, but we do not think that any of them are materially and substantially erroneous. It is easy to perceive from the tone of the instructions that the court below believed that the defendant was guilty of the offense charged in the information and that he ought to be convicted; but the court at the same time told the jury that they were the exclusive judges of all questions of fact. Besides, the evidence so clearly and conclusively showed that the defendant was guilty as charged in the information, that the court below would not have committed any error if it had told the jury in direct terms that it believed that the evidence was sufficient to warrant a conviction. The defendant admitted that he killed the deceased, and his only ground of defense was that he did it in self-defense; but he made out so weak a case in favor of the theory that the killing was done in self-defense that the court would probably have been justified in

telling the jury that it believed the defense was not sufficiently shown, stating of course to the jury at the same time that the question whether the killing was done in self-defense or not was one of fact, and that they were the exclusive judges of all questions of fact.

We think no material error was committed in this case, and the judgment of the court below will be affirmed.

BREWER, J., concurring.

HORTON, C. J.: I concur in the opinion that the trial court did not commit any material or substantial error in overruling the defendant's challenge of the juror for cause, but do not assent to all of the language of the opinion.