Follett, J.
Can this court review the errors of law occurring in impaneling the jury ? Section 7356 of the Revised Statutes, provides: “But in the supreme court only errors of law, occurring at the trial, or appearing in the pleadings or judgment can be reviewed.” What is meant by the words, “ at the trial ?” They may signify more than, in the trial, or on the trial.
Section 7269 provides: “ The first thirty-six jurors who answer to their names at the trial,” etc. And section 7280 provides : “ If two or more persons be put on trial at the same time, each must be allowed his separate peremptory challenges.” The foregoing and other sections of the statutes, and the constitutional provision (Const. Art. I. § 10) that, “the party accused shall be allowed. . . a speedy public trial by an im- ■ partial jury of the county or district in which the offense is alleged to have been committed,” not only justify but compel the belief that, by the words “ errors of law occurring at the trial,” the legislative intent was, to include errors of law occurring at the impaneling of the jury by the court, whether the word trial, alone, does or does not include such impaneling.
*573 The deputy sheriff may act for the sheriff in drawing additional- jurors. Hulse v. State, 35 Ohio St. 221-227. The accused is not entitled to be served, three days before the day of trial, with the list of additional jurors.
But there is another question that is decisive of this case, did the court of common pleas err as to the causes for which a juror may be challenged, or as to the law governing such causes ?
We need not examine or apply the constitutional prohibition as to ex post facto laws, — a provision that is sacred in every land governed by law, — for our statutes amply provide for such cases as this.
Long prior to this homicide, Ohio had a law upon this subject that is now contained in Revised Statutes, § 79, and is as follows: “ Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed ; nor shall any repeal or amendment affect causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
In this case when plaintiff in error was arrested for the homicidej on January 31, 1884, and up to March 18, 1884, among other causes for challenge to any person called as a juror for any criminal trial, was the following (Rev. Stats. § 7277,2): “ That he has formed or expressed an opinion as to the guilt or innocence of the accused, but if a juror state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine such jurors, on oath, as to the ground of such opinion, and if it appear to have been founded upon reading newspaper statesments, communications, comments, or reports, or upon rumor or hearsay and not upon conversations with witnesses of the transaction or reading reports of their testimony, or hearing them testify, and the juror state, on oath, that he feels able, notwithstanding such opinion, to render an impartial verdict upon the *574 law and evidence, the court, if satisfied that be is impartial, and will render such verdict, may, in its discretion, admit him as competent to serve in such case.”
On March 18, 1884, the above part of section 7278 was repealed and amended without any express provision as to pending causes of action, actions, prosecutions or proceedings, and as a cause of challenge the amendment (81 Ohio L. 54) provides : “ That he has formed or expressed an opinion as to the guilt or innocence of the accused; but if a juror has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine such juror on oath, as to the grounds of such opinion, and if such juror shall say that he believes he can render an impartial verdict, notwithstanding such opinions, and if the court is satisfied that such juror will render an impartial verdict on the evidence, may admit' him as competent to serve in such case, as a juror.”
But the last above repeal and amendment could not affect any action, .prosecution or proceeding pending March 18, 1884, when the amendment was passed and took effect. How was this pendency in case of the plaintiff in error?
In minor offenses, where the plea of the statutes of limitations may be interposed, “ The issuing of a warrant in good faith and delivery to an officer to execute, whore the defendant was afterwards arrested upon that warrant and bound over for trial, is a sufficient commencement of the prosecution to satisfy the requirement of the statute of limitations.” People v. Clark, 33 Mich. 113. That was the holding in a prosecution for seduction. State of Iowa v. Groome, 10 Iowa. 308, was a similar case, and the-statute of limitation was one year. The court held, “The filing of an information, the arrest of the accused, and his recognizance to appear and answer in the district court, if done within one year after the offense is alleged to have been committed, is a commencement of a prosecution within the meaning of the statute of limitations.”
R. v. Willace, 1 East P. C. 186, is a case in point. Willace was indicted for high treason in coloring a piece of *575 base coin, resembling a shilling, with materials producing the color of silver, on May 5, 1797. ’Ey statute 8 and 9 W. III, c. 26, no prosecution could be made unless commenced within three months. Willace was apprehended May 5, 1797, and was afterwards carried before a magistrate, and by warrant dated May 8, 1797, was committed to jail, charged on oath “ with suspicion of high treason in counterfeiting the current money of this kingdom, viz. shillings,” etc. “ The assizes of Durham were liolden on the 8th of August, so that more than three months had elapsed between the commission of the ofíense and the preferring of the indictment. But the judges, at the conference, unanimously held that the information and proceeding before the magistrate was the commencement of the prosecution within the meaning of the act; and that the variance between the manner of laying the offense in the indictment and charging it in the commitment made no difference.” In case of R. v. Austin, 1 C. & K. 621, the court approved and followed R. v. Willace, supra. Pollock, C. B., said, “ I think that the warrant of commitment must be taken in this case to show the commencement of the prosecution. The first proceeding was to take the party before the magistrate, and he grants his warrant of commitment.”
The case of R. v. Brooks and Gibson, 2 C. & K. 402, was, where the limitation was one year, and was “ a case of night poaching by persons armed, and the offense was committed on the 4th of December, 1845. On the 19th of December, 1845, information of the offense was made before a magistrate, who, on that day, granted warrants to apprehend A. and B., two of the offenders. On one of these warrants A. was apprehended and committed for trial on the 16th of September’, 1846, B. being apprehended on the other warrant and committed for trial on the 21st of October, 1846. The indictment was preferred and found on the 5th of April, 1847 : Held, that the prosecution was ‘ commenced within twelve calendar months after the commission5 of the offense, and that it was commenced by the information and warrants to apprehend, or at all events by the apprehension of the prisoners.” And in *576 the ensuing term the case was considered by the fifteen judges, who held the conviction right, and approved the holding.
In State v. Howard, 15 S. C. 274, the court held, that, “ A nol. pros, does not put an end to a criminal prosecution, as non-suit does to a civil action.” And Wardlaw, A. J., says, “ A. nolle prosequi entered by the prosecuting officer, is not the termination of a criminal case, as a non-suit is of a civil one. The indictment is one of the stages of proceedings, and a discharge of that by nol. pros, does not impair the previous proceedings.” State v. Hackett, 3 Hill, 95; Smith v. Shackleford, 1 N. & McC. 36; Tiague v. Wilks, 3 McCord, 463.”
Mr. Wharton, in his Criminal Pleading and Practice, says, in the index, “ Prosecution usually begins with oath before magistrate,” and in section 1 says, “ The usual commencement of a criminal procedure is a preliminary oath before a magistrate, upon which, a warrant is issued for his arrest.”
Mr. Bishop, in his Criminal Procedure, § 28, says, “ This chapter will present,, in brief outline, the successive steps in a criminal cause.” Then in section 29 he divides these steps as, “ I. The steps which precede the indictment, complaint, or information ; II. What follows, down to the finding upon the facts ; III. From the finding of guilty to the complete execution of the sentence.” “ § 30. To convict and punish an offender, possession must be obtained of his person. Hence, in general, when a crime has been committed, and suspicion rests on a particular person, the first thing done is to arrest him.”
Thq first step, the arrest, the examination and commitment, the presentment by the grand jury of the written accusation of the crime, which becomes the indictment, the arraignment, plea, trial, verdict, sentence, and execution, are regarded as successive steps in a criminal cause or prosecution.
Then, as early as the arrest and commitment, for a crime for whiclj he is afterwards indicted, the cause or prosecution is pending. And if pending as against the accused, it will be pending when in his favor.
This cause or prosecution against the plaintiff in error was pending, January 31, 1884; and section 79 of the Revised *577 Statutes, conclusively provides that the amended law of the following March 18, 1884, cannot prevent the plaintiff in error from using causes of challenge allowed by law when his prosecution was first pending.
Section 7278, (2) of the Revised Statutes, before the amendment of March 18,1884, allowed plaintiff in error to challenge Henry Wellman for cause, as he had read newspaper reports of witnesses’ testimony in the case, and had heard the witnesses testify in the coroner’s inquest. This position was so held in case of Frazier v. State, 23 Ohio St. 551, where this court held, “ Where a person called as a juror in a criminal case is challenged, on the ground that he has formed or expressed an opinion as to the guilt or innocence of the accused, if it shall appear that such opinion was formed upon reading what purported to be a report of the testimony of witnesses of the transaction, he is not, under section 134 of the criminal procedure (as amended February 10, 1872) now Revised Statute, § 7278 before amended March 18, 1884, competent to serve as a juror in the case, and should be set aside by the court.”
The challenge of Wellman for cause was overruled, and plaintiff in error was compelled to use one of his peremptory challenges to prevent having a juror who should have been excused for cause.
The court erred as to which law applied to the case. This is true as to Henry Wellman, and as to some other jurors in this case.
There was error in the court below, but was it error to the prejudice of the accused? Wellman did not sit on the jury as he was peremptorily challenged.
There are two cases in Ohio that point to the true solution of this question. The first one is Mimms v. State, 16 Ohio St. 221, where the court held, “ The sente'nce on a conviction for murder, will not be reversed upon error, assigned to the rulings of the court on the examination of a juror upon his voir dire, or to the refusal of the court to sustain the defendant’s challenge of such juror for cause, where the juror was set aside on the peremptory challenge of the defendant, and where, without exhausting his peremptory challenges, he per *578 mits the jury, called as provided by law, to be sworn and to try the case without further challenge or objection.” Mimms had twenty-three peremptory challenges, but he needed to uso only seventeen of them, to protect himself against all objectionable jurors. lie had remaining, six peremptory challenges that he did not wish to use. And he thus secured a jury acceptable to him. The court strongly imply that if Mimms had needed to exhaust his peremptory challenges, the result would be different.
In cáse of Irwin v. State, 29 Ohio St. 186, several persons were examined as to their qualifications, as jurors, who stated that the}r had formed and expressed an opinion as to the guilt or innocence of the accused from reading a report of the testimony of witnesses offered on a former trial of the case. They were challenged by the accused for cause, and the challenges were overruled. The court, following Frasier v. State, supra, held that was error; but Mcl.lvaine, J., says, “ It appears from the record, however, that each of these objectionable jurors was afterward excused on a peremptory challenge, and that a full panel of impartial and acceptable jurors was obtained from the persons named in the special venire, before the defendant had exhausted his right of peremptory challenge, so that, in fact, no prejudice resulted to defendant from such erroneous ruling of the court.” And so they followed Mimms v. State, supra.
Rut the case is different, where, as in this case, the accused does exhaust his peremptory challenges before the jury is impaneled. In such case it cannot bo said, “ no prejudice resulted to defendant from such erroneous rulings of the court.”
In the case of People v. Weil, 40 Cal. 268, the court held, “Where a challenge for cause was erroneously disallowed by the court, and the juror then peremptorily challenged, if the defendant exhausted the number of peremptory challenges to which he was entitled before the jury was completed, the practical result of the erroneous disallowance of defendant’s challenge for cause was to contract the number of peremptory challenges to which he was entitled, and may have been seriously prejudicial to the defendant.”
*579 In State v. Brown, 15 Kan. 400, the court bold, “ and the defendant having exhausted all his peremptory challenges in said case, the error will be considered material, although said juror was afterward discharged by the court on one of the defendant’s peremptory challenges.”
In Hubbard v. Rutledge, 57 Miss. 7, the court held, “ the defendant’s cleric is an incompetent juror; and his peremptory challenge will not cure the erroneous overruling of objection to him, if the plaintiff’s challenges are exhausted before the panel is completed.” See also Whar. Cr. Pl. § 694.
The error was prejudicial to the plaintiff in error, and the sentence and verdict are set aside, and the case is remanded to the court of common pleas for further proceedings.

Judgment reversed and cause remanded for further proceedings.