MARSHAL A. THURMAN V. STATE OF NEBRASKA.

[FILED OCTOBER 16, 1889.]

**Jurors : COMPETENCY: CHALLENGE.** Plaintiff in error was placed
on trial upon an indictment for shooting one P. with the intent
to kill him; a juror was called who, upon his *voir dire* examina-
tion, testified that he had such an opinion as to the guilt or in-
nocence of the accused as would take considerable of evidence
to remove; that if what he had heard was true, he was prej-
udiced; that he could not say whether he could sit as a fair
and impartial juror and render an impartial verdict upon the
evidence and law or not; that he had formed a pretty strong
opinion about the case. It was *held,* that the juror was incom-
petent and that the decision of the district court in overruling
a challenge to him for cause was prejudicial error. *Held,* also,
that the fact that the juror was peremptorily challenged by
plaintiff in error, did not cure the error and that he was entitled
to a new trial.

ERROR to the district court for Johnson county. Tried
below before APPELGET, J.

*D. F. Osgood,* for plaintiff in error.

*William Leese, Attorney General,* for defendant in error.

REESE, CH. J.

This is a proceeding in error to the district court of
Johnson county.

Plaintiff in error was convicted by said court of shooting
one Thomas B. Parker, with the intent to kill. A jury
trial was had which resulted in a verdict of guilty. And
after a motion for a new trial had been filed and over-
ruled, defendant was sentenced to imprisonment in the
penitentiary. He now brings the case to this court, alleg-
ing as error the ruling of the district court upon his chal-
lenge for cause, to some of the jurors, a failure of the

evidence to sustain the verdict, and the ruling of the court in refusing certain instructions asked by him to be given to the jury.

It is not deemed necessary to notice all of the questions presented by plaintiff in error, as those omitted will not probably arise upon another trial; and therefore our investigations will be confined to the first assignment of error hereinbefore referred to.

A Mr. Young was called as a juror, and from his *voir dire* examination we extract the following :

By Mr. Osgood : You stated you had talked with persons who claimed to know the facts; did they tell you what they claimed to be the facts in this case ?

A. I know all about it; I live up near there; about three miles from this party.

Q. You have an opinion from what you have heard and know as to the guilt or innocence of the defendant.

A. Yes.

Q. And such an opinion as would take considerable evidence to remove, would it not?

A. Yes.

Q. You are prejudiced at the present time?

A. If it is true what I heard.

Defendant challenges for cause.

Re-examination by the court: Did you ever talk with any one who pretended to know the facts in this case?

A. I was introduced to Parker one day and spoke to him and told him he had a close call.

Q. Did he delineate any of the facts or the transaction to you?

A. No, sir.

Q. You didn't say any more than that about it?

A. No, sir.

Q. He is the only man you talked with who pretended to know the facts about it?

A. There was a lot of neighbors—

Q. All you know is simply neighborhood talk?

A. Yes.

Q. Notwithstanding the opinion you have formed could you sit as a fair and impartial juror and render a fair and impartial verdict upon the evidence and law as adduced in court?

A. I cannot hardly say whether I could or not.

Q. Don't you know whether you think you could or not?

A. I have formed a pretty strong opinion about the case.

Q. How far do you live from the party where that matter happened?

A. About three miles and a half, I think.

Q. Do you think you could render a fair and impartial verdict upon the law and the evidence?

A. I don't know but what I could.

Challenge overruled; defendant excepts.

By section 11 of article 1 of our constitution it is provided that in all criminal prosecutions the accused shall have a public trial by an impartial jury of the county in which the offense is committed; and by sec. 468 of the Criminal Code it is provided that "If a juror shall state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine on oath such juror as to the grounds of such opinion; and if it shall appear to have been founded upon reading newspaper statements, communications, comments, or reports, or upon rumor or hearsay and not upon conversations with witnesses of the transaction, or reading reports of their testimony or hearing them testify, and the juror shall say on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that such juror is impartial and will render such verdict, may in its discretion admit such juror as competent to serve in such case." By

this it appears that the discretion of the district court must be founded upon the statement of the juror that he feels able, notwithstanding his opinion, to render a fair and impartial verdict in the cause about to be tried. In other words, if he has formed the opinion referred to he is an incompetent juror unless he states upon oath that he can render a fair and impartial verdict.

It must appear at a glance that the juror did not bring himself within this rule. His answers were no doubt candid and truthful. He resided in the neighborhood in which the alleged assault was made. He stated that he knew all about it; that he had formed an opinion as to the guilt or innocence of the defendant which it would take considerable of evidence to remove. And that if the statements which he had heard were true, he was prejudiced at the time of his examination. He had been introduced to the man upon whom the assault was alleged to have been made, and stated to him that he had had a "close call." His answer to the question as to whether he had talked with any who pretended to know the facts seems to have been cut short by another question. He simply says there were a lot of neighbors; that what he knew was neighborhood talk; that he could not hardly say whether he could render a fair and impartial verdict from the evidence and law or not; that he had formed a pretty strong opinion about the case, but did not know but what he could render a fair and impartial verdict. It will be observed that no single answer of this juror brings him within the rule laid down by the section from which the above quotation is made.

This subject received a pretty full examination in *Curry v. The State*, 4 Neb., 545, and according to the rule there stated, which need not be further elaborated here, the juryman was clearly incompetent, and the decision of the district court in overruling the challenge of the plaintiff in error for cause, was error.

The juror was then challenged peremptorily by plaintiff in error and did not sit in the case. It is contended by the attorney general that as there were no objections made to the jurors who did sit in the case, and so far as appears by the record plaintiff in error was tried by an impartial jury, even were there error in the decision of the district court it would be without prejudice, and that the constitutional requirement above referred to has been literally fulfilled and therefore the judgment should not be reversed.

By sec. 467 of the Criminal Code, every person arraigned for the crime with which plaintiff in error was charged shall be admitted to a peremptory challenge of eight jurors.

A peremptory challenge is one which may be exercised by the accused upon his own volition, and for which he need not give any reason and which is not subject to the control of the court.

Plaintiff in error exhausted all his peremptory challenges upon the trial, one of which was to the juror hereinbefore mentioned. By being compelled to dispose of this juror upon his peremptory challenge, he was in fact limited to seven. Our statute provides no method of challenging jurors peremptorily in excess of the number provided by the section above referred to. It would be unwise perhaps for a party placed upon trial, charged with a crime, to make objections to jurors which must necessarily be futile and which could have no other effect than that of, in some degree at least, prejudicing the minds of the jurors against his cause. The law does not require the performance of an unnecessary act. It guarantees to an accused in the first instance a trial by a *fair* and *impartial* jury, and to this he is clearly entitled. There are some cases which hold to the doctrine contended for by the attorney general, but we have examined them and they do not meet with our approval.

In the case of *Holt v. The State*, 9 Texas Court of Ap-

peals, 571, this rule is adopted and is followed in *Loggins v. The State,* 12 Id., 65. These two cases are followed in *Spies v. The People,* 122 Ill., 1; but that decision is founded solely upon the other two. The rule can also be found in 1 Thompson on Trials, section 120, but in its support the cases above referred to alone are cited.

In *Curry v. The State,* 5 Neb., 412, Judge LAKE in writing the opinion of the court upon this question, in referring to a juror, says : " But he was retained against the challenge of the accused, who was compelled to resort to one of his peremptory challenges for his removal. In this there was error to the prejudice of the prisoner."

To the same effect is *State v. Brown,* 15 Kan., 400.

A moment's reflection must satisfy the mind that this is and must be the correct rule. Suppose eight jurors were called, each of whom upon his *voir dire* examination showed himself incompetent and subject to challenge for cause, and was so challenged, but that the trial court for reasons satisfactory to itself overruled the challenge in each case and the eight incompetent jurors were held, the accused would be compelled to resort to his peremptory challenges in order to remove them. No provision is made by law or the constitution for any other challenges or objections to the jurors than those named. Jurors might then be called who, to the knowledge of the accused, were prejudiced against him and even might deny prejudice or bias or the formation of opinion (as the writer has seen done) for the express purpose of being retained upon the jury in order that a conviction might be secured. Could it be said that the constitutional provisions, that an accused should have a fair and impartial trial, had been complied with? Most certainly not. And it is for the purpose of guarding against this very contingency that the peremptory challenge is retained by our law. The ruling of the district court was therefore prejudicial, and for that reason the verdict must be set aside.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

The other Judges concur.