O’NIELL, Chief Justice
 

 (dissenting on rehearing).
 

 It is important that the decree finally-rendered in this case, reinstating the original opinion and decree, excepts from this reinstatement the interpretation which was given by lour members of the court to Article 353 of the Code of Criminal Procedure. On that point, it is said that two of the four subscribers to the opinion originally rendered doubt now that their interpretation of Article 353 of the Code of Criminal Procedure was correct; and it is said that only two of the members of the court now adhere to that interpretation. It is said, however, that the four justices who subscribed to the original opinion are “still of the opinion that the provisions of Article 557 of the Code of Criminal Procedure were properly construed therein.”
 

 Article 557 is being construed now as if the word “or” were “and”, in the declaration that no new trial shall be granted by an appellate court unless it appears that the error complained of probably resulted in a miscarriage of justice, was prejudicial to the defendant’s substantial rights,
 
 or
 
 constitutes a substantial violation of a constitutional or statutory right. I have italicized the all-important word “or”. It should not be read as if it were “and”. A showing of any one of the three facts, namely, first, that the error complained of probably resulted in a miscarriage of justice, or, second, that the error was prejudicial to the defendant’s substantial rights, or, third, that the error was a substantial violation of a constitutional or statutory right of the defendant, obliges the appellate court to grant a new trial. If the error constitutes a substantial violation of a constitutional or statutory right of the accused — such as his right to have twelve peremptory challenges to use as he sees fit- — he is entitled to a new trial if he has had to use all of his peremptory challenges, without having to make any further showing either that the error resulted in a miscarriage of justice, or that it was prejudicial to the defendant’s substantial rights. That is how Article 557 of the Code of Criminal Procedure reads. And Article 353 declares that, if the defendant has used all of his twelve peremptory challenges in the impaneling of the jury, and has been compelled, by the erroneous overruling of a challenge of a disqualified juror for cause, to use one of the peremptory challenges to prevent the disqualified juror from taking part in the trial, the defendant in fact has had the benefit of only eleven peremptory challenges, and has been deprived of the right —which is guaranteed to him by the Bill of Rights — to have twelve peremptory challenges to use as he sees fit. And that is exactly what this court decided, unanimously, in State v. Fourchy, 51 La.Ann. 228, 25 So. 109, in 1900; and in State v. McCoy, 109 La. 682, 33 So. 730, in 1903;
 
 *528
 
 and in State v. Guillory, 146 La. 434, 83 So. 754, in 1920; the doctrine of which decisions was cited and repeated with unanimous approval in State v. Henry, 197 La. 999, 3 So.2d 104, only nine months ago.
 

 As no attempt has been made to point out any mistake in the analysis which I made of the jurisprudence on this subject, in my former dissenting opinion, I take it that it is conceded now that there is no real conflict in the jurisprudence, and that “the established rule”, as stated in the Henry case, is that which was established by the decision in the Fourchy case, the McCoy case, and the Guillory case. Articles 353 and 557 of the Code of Criminal Procedure are only restatements of “the established rule”.
 

 The only basis now for the . decision finally rendered in this case is that the defendant — after exhausting his peremptory challenges — did not complain that he was about to be compelled to accept an obnoxious juror on account of the error which the judge had made, in overruling the challenge of the disqualified juror for cause, and did not request the judge to exclude the obnoxious juror from serving on the jury. Such a request would have been merely a request for a thirteenth peremptory challenge. The judge would have been bound to refuse the request, because to grant it would have been an acknowledgment on the part of the judge that he was wrong in overruling the defendant’s challenge of the disqualified juror for cause; which would have been an acknowledgment- on the part of the-judge that, if' he refused the defendant’s request .to exclude the obnoxious juror, he would have to enter up a mistrial. But — worse yet— if the defendant in such a case had reserved bills of exception to several rulings of the judge, overruling challenges of jurors for cause, the defendant, after exhausting his peremptory challenges, would have had to make as many objections to as many obnoxious jurors as there were bills of exception to the overruling of challenges of jurors for cause. The granting of one request for the exclusion of an obnoxious juror would compensate for only one erroneous overruling of a challenge of a disqualified juror for cause. The defendant, therefore, would have to go on down the line, and malee as many requests for the exclusion of obnoxious jurors as there were bills of exception reserved to the overruling of challenges of disqualified jurors, for cause, unless the judge should see fit to put an end to the requests for the exclusion of obnoxious jurors, by refusing one of the requests, and thereby making good one of the bills of exception theretofore reserved to the overruling of a challenge of a disqualified juror for cause. I respectfully submit that that is the logical and inescapable deduction from the unreasonable interpretation which is given now to Article 557'of the Code of Criminal Procedure. And in Article 353 it is declared plainly that all that is necessary to make good a bill of exceptions reserved to the erroneous overruling .of a challenge of a disqualified juror for cause is that the defendant shall have exhausted his peremptory challenges in the impaneling of the jury. ■
 

 
 *529
 
 This idea of requiring a defendant, after exhausting his peremptory challenges, to request the judge to exclude from the jury a so-called obnoxious juror, in order to make good a bill of exceptions previously reserved to the erroneous overruling of a challenge of a disqualified juror for cause, might deserve some consideration in a jurisdiction where there is no constitutional guaranty that a defendant in a criminal prosecution shall have the^ number of peremptory challenges granted to him by the Legislature — and where there is no such statute as Article 353 or 557 of the Code of Criminal Procedure. But, even without reference to any such constitutional guaranty, or to any statute on the subject, this court and other courts of last resort have gone on record by holding, point blank, that there is no necessity for such useless formality. In the Fourchy case, 51 La.Ann. pages 247, 248, 25 So. page 117, Chief Justice Nicholls, for the court, said:
 

 “Courts of justice have no right to refuse or to make unavailable rights or privileges conferred upon parties by the legislature. They can no more do this by erroneous action than by direct arbitrary action. The right of peremptory challenge was conferred for the express purpose of enabling parties accused of crime to reject from the jury persons whom they had reason to distrust for secret, undisclosed grounds, not sufficient to be made available as causes for legal challenge.
 
 Prisoners are not called on to state why or wherefore they reject, nor are they called on to incur the ill will of jurors, when powerless to challenge them peremptorily, by disclosing to the court that any particular juror or jurors actually serving on the jury were ‘obnoxious’ to them.
 
 The jury sitting upon the trial may be ‘legal’ jurors by the application of legal tests, and yet very obnoxious jurors for secret and undisclosed reasons. Accused are entitled to twelve peremptory challenges, to be freely exercised, without compulsion in any case from the court.' The court cannot, by an erroneous ruling, force the exercise of a peremptory challenge, when the accused is entitled, on legal grounds, to a rejection of the particular juror objected to. If, in the formation of the jury, the prisoner has exhausted the twelve challenges, but one has been used substantially under legal duress, he is, in law, to be held as having really been given the privileges of only eleven peremptory challenges, and his statutory right has been invaded.” [The italics are mine.]
 

 In the case of Thurman v. State, 27 Neb. 628, 43 N.W. 404, 405, the Supreme Court of Nebraska discussed the identical subject, thus:
 

 “By section 467 of the Criminal Code, every person arraigned for the crime with which plaintiff in error was charged shall be admitted to a peremptory challenge of eight jurors. A peremptory challenge is one which may be exercised by the accused upon his own volition, and for which he need not give any reason, and which is not subject to the control of the court. Plaintiff in error exhausted all his peremptory challenges upon the trial, one of which was to the juror hereinbefore mentioned.
 
 *530
 
 By being
 
 compelled to
 
 dispose of this juror, ¡upon his peremptory challenge, he was in fact limited to seven.
 
 Our statute provides ■no method of challenging jurors peremptorily in excess of the number provided by the -section above referred to. It would be un■wise, perhaps, for a party placed upon trial, charged with a crime, to make objections to jurors which must necessarily be futile, and ■which could have no other effect than that .of, in some degree at least, prejudicing the mind of the jurors against his cause. The .law does not require the performance of .an unnecessary or impractical act.
 
 * * *
 

 “In Curry v. State, 4 Neb. [545], 549, Judge Lake, in writing the opinion of the court upon this question, in referring to a juror, says: ‘But he was retained against the challenge of the accused, who was compelled to resort to one of his peremptory challenges for his removal. In this there was error to the prejudice of the prisoner.’ 'To the same effect is State v. Brown, 15 Kan. 400.
 
 A moment’s reflection must satisfy the mind that this is, and must be, the .correct rule. Suppose eight jurors were ■called, each of whom, upon his voir dire ex summation, showed himself incompetent, .and subject to challenge for cause, but .that the trial court, for reasons satisfactory .to itself, should overrule the challenge in £ach case, and the eight incompetent jurors he held, the accused would be compelled to resort to his peremptory challenges in order to remove them. No provision is made by law or the .constitution for any other challenges or objections to the jurors than those named.
 
 Jurors might then be called who,
 
 ¿o
 
 the knowledge of the accused, were prejudiced against him, and even might deny prejudice or bias or the formation of opinion (as the writer has seen done) for the express purpose of being retained upon the jury, in order that a conviction might be secured. Could
 
 it be
 
 said that
 
 the
 
 constitutional provisions that an accused should have a fair and impartial trial had been complied with? Most certainly not. And it is for the purpose of guarding against this very contingency that the peremptory challenge is retained by our law. The ruling of the district court was therefore prejudicial, and for that reason the verdict must be set aside. The judgment of the district court is reversed, and the cause is remanded for further proceedings. The other judges concur.”
 

 In the case of State v. Frank Stentz, 30 Wash. 134, 70 P. 241, 242, 63 L.R.A. 807, the Supreme Court of Washington said:
 

 “A refusal to sustain challenges for proper cause, necessitating peremptory challenges on the part of the accused, will be considered on appeal as prejudicial where the accused has been compelled subsequently to exhaust all his peremptory challenges before the final selection of the jury. * * *
 

 “Inasmuch as the appellant was compelled to get rid of the juror Sperry by a peremptory challenge, the accused was deprived of one peremptory challenge to which he was by law entitled. For that reason, the judgment of the court is reversed, and the cause remanded for a new trial.”
 

 In the case of State v. Brown, 15 Kan. 400, the Supreme Court of Kansas, after
 
 *531
 
 ruling that the judge of the district court erred in overruling a challenge of a juror by the defendant for cause, held:
 

 “And as the defendant exhausted all his peremptory challenges, we must hold that the error was material, although said juror was finally discharged by the court on one of the defendant’s peremptory challenges. The judgment of the court below is reversed, and cause remanded for a new trial.”
 

 I quote now from the decision by the Supreme Court of California in People v. Weil, 40 Cal. 268, thus:
 

 “Where a challenge for cause was erroneously disallowed by the Court, and the juror then peremptorily challenged, if the defendant exhausted the number of peremptory challenges to which he was entitled before the jury was completed, the practical result of the erroneous disallowance of defendant’s challenge for cause was to contract the number of peremptory challenges to which he was entitled, and may have been seriously prejudicial to the defendant.”
 

 I do not find any expression in the opinion in State v. Mrs. Lucille McLeod, 199 La. 372, 6 So.2d 146, or in State v. Vernon Augusta, 199 La. 896, 7 So.2d 177, that has any relation to the point which we are discussing in this case, except in this remote way, that in each of these cases the court held that, under Article 557 of the Code of Criminal Procedure, a harmless error in a ruling of the trial judge was of no consequence. In neither of these cases was there any claim or any semblance of a violation of a constitutional or statutory right of the defendant.
 

 The statement, per curiam, that the attorney for the defendant in this case willingly and without objection or protest accepted every juror who served on the trial, and that every juror who served “was wholly acceptible to the defendant”, means nothing more than that the attorney for the defendant did not ask for a thirteenth peremptory challenge after he had exhausted his twelve peremptory challenges —one of which challenges had to be used to get rid of the disqualified juror. The record shows that, after the attorney for the defendant challenged the disqualified juror peremptorily, he challenged two more prospective jurors peremptorily, and thereby exhausted his twelve peremptory challenges. Apparently, therefore, the judge was mistaken when he made this statement per curiam on this bill of exceptions: “The bill does not show, nor does it even suggest, that at that stage of the proceedings, or even during the whole trial, that the defendant had exhausted his peremptory challenges, and that in consequence of the court’s ruling he had been compelled to accept an obnoxious juror.”
 

 I respectfully submit that, with only two members of the court now adhering to the interpretation which was given to Article 353 of the Code of Criminal Procedure in the prevailing opinion rendered originally in this case, the defendant is entitled to a new trial.