THE STATE v. VATTER.

1. **Jurors:** COMPETENCY: OPINIONS FORMED. Where a juror in a criminal case admitted that he had formed an opinion as to the prisoner's guilt, and even stated, in answer to a question, that it was an unqualified opinion, yet, where he insisted all through his examination that it was not such an opinion as would disqualify him from rendering a true verdict upon the evidence, *held* that the court did not err in overruling a challenge for cause based on the ground of such opinion. (Compare Code, § 4405, subd. 11.)

2. **Arson:** EVIDENCE: STOLEN PROPERTY IN DEFENDANT'S POSSESSION. On a trial for the burning of a farm house, evidence that certain goods claimed by the state to have been taken from the burned house on the day of the fire, and other goods claimed to be the property of the owner of the house, but not taken therefrom, were found together, locked up in trunks in the defendant's possession, was properly admitted.

*Appeal from Cedar District Court.*

SATURDAY, MARCH 19.

THE defendant was indicted, tried and convicted of the crime of arson, and he appeals.

*W. A. Foster* and *C. E. Wheeler*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. On the fourth day of July, 1885, the dwelling house of one Alexander Spear, situated on his farm in Cedar county, was totally destroyed by fire. The house was a large and valuable farm dwelling, and nearly new. No one was in the building when the fire was discovered. Spear and his family had closed it up, fastened the windows and window shutters, and locked the doors, and gone away to a public picnic about three miles distant. There is no question but that the fire was incendiary. That fact appears to have been conceded on the trial, and it is established by the evidence beyond any reasonable doubt. On the eleventh day of the same month, some out buildings or sheds on the farm were fired, but the fire was extinguished. A few days

afterwards, a large quantity of hay and oats, which was in stacks on the farm, was consumed by fire. None of these fires were accidental. They were without doubt the work of an incendiary. The trial from which this appeal was taken was upon an indictment for burning the dwelling house.

The first claim made by counsel for appellant is that the court erred in overruling a number of challenges for cause to persons who were called as jurors in the case. These challenges were interposed as to five of the jurors, and the ground of the challenges was that the persons challenged were disqualified by reason of having formed opinions as to the guilt or innocence of the prisoner. It is provided by subd. 11 of section 4405 of the Code that a person who has "formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent him from rendering a true verdict upon the evidence submitted on the trial" may be challenged for cause. Each one of the five persons who it is claimed were disqualified by reason of having formed opinions was examined under oath by the district attorney, and cross examined by counsel for the defendant, touching his knowledge of the case, and any opinions he might have formed regarding the guilt or innocence of the accused. In response to the district attorney, they all answered, in substance, that they had neither formed nor expressed such opinions as would prevent them from rendering a true verdict; in other words, they answered that they did not have such opinions as disqualified them under the statute. The question was put to them by the district attorney in very nearly the language of the statute. It is true that, on cross-examination, they stated that they had opinions on the subject; and one or more of them, in answer to the question whether such opinions were unqualified, stated that they were, but all through their examination they appeared to adhere to the belief that they had no opinion which would prevent them from rendering a true verdict according to the evidence. It is a very rare thing that a person called as a

<span style="margin-left:2em">1. JURORS: competency: opinions formed.</span>

.juror, who has heard the facts connected with the case, and has formed some kind of an opinion in reference thereto, maintains entire consistency in his examination as to his qualifications as a juror. The difficulty arises from the fact that many of them do not understand the difference between a qualified and an unqualified opinion, and, the questions being put to them in a leading form, there is often an apparent contradiction in the answers given. We think, when the whole examination of the jurors in question is considered, the court did not err in overruling the challenges for cause.

II. The defendant was a farm hand in the employ of Spear, the owner of the building which was burned, and, with his wife and one child, lived in a tenant

2. ARSON: evidence: stolen property in defendant's possession.

house across a public road, and but a short distance from the building which was burned. Two other men who were laborers on the farm had gone in another direction to a public celebration. When Spear and his family locked up their house and went off to the picnic, the defendant and his wife and child were the only persons left upon the farm. Some time after the fire the defendant was suspected of the crime, and a search-warrant was taken out, and his house was searched by the sheriff of the county. There were two trunks in the house which were locked, and, upon being opened, there were found therein an old hat, a towel, a pair of stockings, a piece of dress goods, and other articles which the state claimed were in the building which was burned on the morning of the fire, and that they were taken from the building before the fire was discovered. In the same trunks certain other articles were found, such as a monkey-wrench, a screw-driver, a knife, etc., which were claimed to be the property of Spear, but it was not claimed that the last named articles were taken from the house which was burned. The defendant objected to all the evidence as to these last-named articles, because it was proof of a petit larceny in no way connected with the crime

charged in the indictment. The objection was overruled, and this ruling is claimed to be erroneous. We think the ruling was correct. The evidence was not introduced as tending to prove a crime other than that charged. The goods were all found together, and it was competent for the witness to point out and distinguish those claimed to have been taken from the house on the day of the fire from those taken before that time.

III. It is strenuously contended that the verdict is the result of prejudice, passion and excitement, and is without support in the evidence. The evidence has been presented to us without an abstract. It is a full transcript of the short-hand notes taken by question and answer, and we have therefore examined the testimony in the very words of the witnesses. We have thought it proper to give it a most patient and careful examination. We know that the series of fires of which this was the beginning must have created a great excitement in the community; and, if we thought the claim that the defendant was convicted upon mere suspicion, without evidence, was well founded, we would have no hesitancy in reversing and remanding the cause. But our examination of the case leads us to think that there is abundant evidence to sustain the verdict. The facts inculpating the defendant are so numerous that we cannot set them out and review them in an opinion. Taken altogether, they show with reasonable certainty that the defendant was guilty.

AFFIRMED.