## Robert G. Hall, Plff. in Err., *v.* Commonwealth of Pennsylvania.

A juror is not incompetent in a homicide case because he has formed impressions from reading the newspapers, if he swears that he can try the case impartially and will be governed by the evidence alone.

It is not error for the court to refuse to permit counsel to read from a law book in his opening speech to the jury.

Proof of "a spasm" in a child will not be received as evidence to show insanity from epilepsy in its father.

Testimony to prove a rumor that defendant had had "fits" several years before will not be received as evidence of a present insanity.

(Argued January 3, 1888. Decided January 23, 1888.)

January Term, 1888, No. 119, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Oyer and Terminer of Philadelphia County to review a judgment on a verdict of guilty of murder in the first degree. Affirmed.

Robert G. Hall was indicted for the murder of Sophia E. Smith, alias Lillian Rivers, to which he pleaded not guilty.

At the trial Robert Johnson, having been sworn on his *voir dire* as to fitness as a juror, was asked whether he thought it would "be impossible" to set up such a defense as insanity, and if he would consider it a valid defense. Objected to. Objection sustained. Exception. [1]

Marvin E. Clark, another juror, having said that he had a prejudice against the defense of insanity was interrogated by the district attorney as follows: "Your prejudice against the defense of insanity is rather against the use of it where it is not authorized than against it as a defense." Objected to. Objection overruled as was also defendant's challenge for cause. Exception. [2]

William Wolf was challenged for cause because he admitted that he had formed an opinion of defendant's guilt from reading the papers. Challenge overruled. Exception. [3]

S. J. Ewell was asked whether he would be willing to render a verdict for defendant if the defense of insanity was made out in every particular. Objected to. Objection sustained. [4]

Michael Haney, having admitted that he had an impression gained from reading the papers, was asked if that impression had changed any. Objected to. Objection sustained. Exception. [5]

Edward D. Dougherty was challenged for cause, because he had formed an opinion from reading the papers. Challenge overruled. Exception. [6]

The commonwealth proved that the murder was committed by the defendant and the evidence of his premeditation is set out in the opinion of the court below. ARNOLD, J.

Counsel for defense offered to read from a text book as a part of his opening speech. Objected to. Objection sustained. Exception. [7]

Defendant offered to prove by the wife of the prisoner that his daughter, when born, had a spasm. Offered in connection with testimony that defendant had similar "fits." Objected to. Objection sustained. Exception. [8]

Defendant proposed to ask a witness whether he had ever heard defendant's companions in St. Louis state that he was subject to fits. Objected to. Objection sustained. Exception. [9]

Dr. Mills, an expert called on behalf of the defendant, was asked: "What do you consider the commonest and most frequent causes both of epilepsy and insanity?" Objected to. Objection sustained. [10]

The court charged the jury, *inter alia,* as follows:

The prisoner at the bar, Robert G. Hall, is charged with the murder of Sophia E. Smith, alias Lillian E. Rivers, on the

third day of June, of this year. The commonwealth, by its counsel, the district attorney, alleges that that killing was wilful, deliberate, premeditated, and malicious, and asks at your hands a verdict of guilty of murder of the first degree against the defendant. . . .

For the defense the prisoner's counsel allege that the prisoner was insane at the time of the killing, and set up insanity as the defense to the charge against him.

Now, the insanity which will excuse a person charged with crime from responsibility before the law, must be of that kind which renders him incapable of distinguishing between right and wrong, of understanding the nature and consequences of the act he is committing, and unable to resist the inclination or disposition to do it. Mere weakness of intellect, caused by disease or violence, does not constitute a defense, unless it produces propensities which subjugate the intellect, control the will, and render it impossible for a person to do otherwise than yield thereto.

The jury must be satisfied that, with reference to the act in question, the reason, will, conscience, and judgment of the prisoner were so perverted by disease as to render the commission of the act an overwhelming necessity. A person charged with crime must not only show that he was insane (that is of unsound or diseased mind), but that he did not know what he was doing, had no will of his own, and could not form the intention or resist the impulse to commit the act with which he is charged. If he had sufficient mental power to form a purpose as to the act in question, and carry it out or refrain from it, if he would, he is responsible before the law, although he was insane and subject to delusions in other respects. Insanity or insane delusions in respect to one thing or person will not relieve the person affected from responsibility for his acts towards other persons or things, unless his insanity or delusion is such as dethrones his reason and renders him incapable of forming or carrying out a purpose, or to resist the impulse to commit the act if he would.

The question before you is this: Was this prisoner insane, unsound in mind to such an extent that he did not know that he was doing wrong, that his intellect was subjugated, his will controlled, and himself unable to do otherwise than he did? If you find he was insane to that extent, then under the law he is not

responsible for his acts, and in that case he should be acquitted on the ground of his insanity. You will consider all the evidence in the case and from it say whether the prisoner's mind, reason, and judgment were so perverted that the act committed by him was an act due to an overwhelming necessity, and that he had no power to refrain from doing it if he would. If you find that he was insane to that extent, you may acquit him; but if you find that he knew and understood what he was about to do, that he formed a deliberate purpose to do the act, and could have refrained from doing it, but nevertheless wilfully and deliberately committed the offense, then you can convict him of murder of the first degree. . . .

You have the evidence of the nonexpert as well as the expert witnesses, and you may draw your own conclusions from what you have heard of the testimony in this case, whether this prisoner is responsible for the offense with which he is charged. If you think he was not responsible, if you think his mind was wrecked, overthrown by delusions of any kind, so that he was not responsible for taking human life, you will say so, and render a verdict of not guilty on the ground of insanity. If, however, you think he was a responsible being at that time, and knew what he was doing, and understood the nature and consequences of his act, and might have refrained from doing it if he thought fit, then you will find him guilty in the manner and form indicated here. The degree of the offense is for you to determine. The presumption is that murder is only murder of the second degree. It is for the commonwealth to show you that it is of the first degree. That may be proved by the circumstances of the killing. If the circumstances of the killing indicate to you that the act was a wilful, premeditated, deliberate, and malicious act, then they show a case of murder of the first degree, if he (the prisoner) was a man of sound mind and memory, knew what he was doing, and intended to do what he did.

In order to convict a man of crime, he must be convicted on evidence free from all doubt. If there is any doubt in this case, of course, that doubt should go to the benefit of the prisoner, both as to proving the offense charged against him, and also the condition of his mind. If you have any doubt as to the state of his mind, give him the benefit of it. If you are not in doubt and are perfectly satisfied as to the condition of his mind, act

upon that conviction.   But if you doubt it, give him the benefit
of it.

Verdict, guilty of murder in the first degree, and judgment
accordingly.

Plaintiff then took this writ, assigning for error:  (1-6) the
rulings of the court on the selection of the jury; and (7-10) the
ruling on the evidence at the trial.

*Henry M. Dubois* and *John Scollay,* for plaintiff in error.—
When a juror has a fixed opinion of a prisoner's guilt, he is in-
competent, and his belief that he can try him impartially will
not remove the disqualification.   Allison v. Com. 99 Pa. 17;
Staup v. Com. 74 Pa. 461.

As a rule it is competent to prove insanity in the family of
the party whose sanity is under examination.   1 Wharton & S.
Med. Jur. 378; Wharton, Crim. Ev. 731.

Comparing the facts of this case with those of Jones v. Com.
75 Pa. 406, it will be seen that the jury should not have found
a verdict of murder in the first degree.

*George S. Graham,* Dist. Atty., for the commonwealth, de-
fendant in error.

PER CURIAM:
None of the assignments of error in this case can be sustained.
The exceptions relating to the challenge of jurors are not novel,
and similar ones have been passed upon so frequently by this
court, that further discussion of them would be to no purpose.
On the question of the prisoner's insanity, the rulings and charge
of the learned judge of the court below are unexceptionable.

The judgment of the Court of Oyer and Terminer is affirmed;
and it is ordered that the record be remitted to that court, for
the purposes of execution.