WALTER M. McKINNEY, Respondent, *v.* THE LONG ISLAND RAILROAD CO., Appellant.

*Supreme Court, Second Department, General Term, June 20, 1889.*

1. *Evidence. Negligence.*—In an action on the ground of negligence for injuries sustained by reason of being struck by defendant's train, while plaintiff's foot was caught and held between one of the rails and a guard rail, the plaintiff may show how the track and guard rail were constructed at the place of the accident, and the construction of other guard rails, so that the jury can determine whether the guard rail at the place of the accident was properly constructed.

2. *Trial. Juror.*—Where a juror states that, notwithstanding his sympathies, he can render an impartial verdict upon the evidence, he stands upon the extreme verge of competency.

3. *Appeal.*—After three juries have failed to agree for the defendant, but the last one has agreed, in favor of the plaintiff, the verdict must stand, unless the appellant court usurps the province of the jury and holds that the plaintiff's witnesses are not worthy of credit.

Appeal from a judgment entered upon a verdict.

*Hinsdale & Sprague*, for appellant.

*John S. Griffith* (*J. Stewart Ross* of counsel), for respondent.

PRATT, J.—This case has now been tried four times before a jury, on three of which occasions the jury disagreed. It is conceded to involve issues of fact, but the evidence is utterly irreconcilable as to the circumstances surrounding the accident.

It is probable that plaintiff and his companion, boy-like, inserted their feet in the space between the two rails for an experiment and then became frightened at the approach of the train and became caught and failed to extricate themselves in time.

There is no merit in any of the exceptions taken at the trial.

It was proper for the plaintiff to show how the track and guard rail were constructed at the place of the accident, and, also, to show how other guard rails are constructed in order that the jury might determine whether at this place the same was constructed in the usual or proper manner.

The challenge to the juror Dorrien was properly overruled. The juror stated that notwithstanding his sympathies, he could render an impartial verdict upon the evidence. The juror stood on the extreme limit of competency, but we are unable to say under the cases that he was so affected by any bias as to render him incompetent to serve.

Three jurors have failed to agree for the defendant and the last has agreed for the plaintiff. Such verdict must stand, unless this court usurps the province of the jury and holds that the plaintiff's witnesses are not worthy of credit. Assuming even that the boys put themselves in this position of peril, it then was a question of fact whether the defendant used reasonable care not to run over them.

On the whole case we feel constrained to affirm the judgment.

All concur.