## BLACK v. TERRITORY.

(January 24, 1890.)

### NEW TRIAL—DISQUALIFICATION OF JUROR.

After a verdict of guilty of murder, defendant, in support of a motion for a new trial, filed an affidavit that one of the jurors stated before the trial that defendant ought to be hung. Affiant's reputation for veracity was impeached by the affidavits of several citizens who had long known him, and was sustained by the affidavits of two others. The juror's affidavit denied that he made such statement, or that he had formed any opinion before hearing the evidence. *Held*, that the preponderance of evidence was in favor of the juror's competency.[1]

Error to district court, Albany county.

Black was indicted for murder in the first degree, and convicted. From an order overruling his motion for a new trial, he brings error. Affirmed.

*W. H. Fishback*, for plaintiff in error. *Hugo Donzelmann*, Atty. Gen., for the Territory.

VAN DEVANTER, C. J. The plaintiff in error was tried in the district court of the county of Albany upon an indictment for murder in the first degree, a verdict of guilty was returned by the jury, and judgment was entered imposing the death penalty. A motion for a new trial was made by the defendant, upon the ground that, previous to the trial, one of the jurors had formed and expressed an opinion as to the guilt of the accused, which was not disclosed by the juror on his examination. In support of the motion, the defendant filed the affidavit of one Joseph E. Hartley, charging the juror in question with having publicly stated, shortly before the trial, "that Black, the defendant, ought to be hung for what he had done in the case." To meet this, the prosecution filed the affidavit of the juror implicated, denying in the most positive terms the statement attributed to him by Hartley, and also denying the formation of any opinion whatever on his part concerning the case prior to hearing the evidence at the trial. The prosecution also presented the affidavits of several citizens having a long acquaintance with Hartley, stating that his reputation for truth and veracity was bad, and that he was not entitled to belief. The affidavits of two persons were filed by the defendant, tending to show that Hartley was a credible witness, and that he bore a good reputation for truth and veracity.

Upon a consideration of these affidavits the district court overruled the motion for a new trial, and this is assigned as error. It thus appears that there was a conflict in the evidence concerning the alleged misconduct of the juror, and that a question of fact was thereby presented to the trial court which did not involve the guilt or innocence of the accused, and which it was the duty of the court to determine according to the weight of the evidence. A careful examination of all the affidavits in the record convinces us that the decision of the trial court was not only in accord with the weight of the evidence, but was supported by the great preponderance thereof. The judgment of the court below is therefore affirmed.

CORN and SAUFLEY, JJ., concurred.

### NOTE.

#### COMPETENCY OF JUROR—PREVIOUSLY FORMED OPINIONS.

The opinion entertained by a juror which disqualifies him is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and whereby, in the mind of the juror, the accused stands condemned already. People v. Barker, (Mich.) 27 N. W. Rep. 539.

The expression of opinion which disqualifies a juror is a fixed, deliberate, and determined one, which will not yield to evidence. State v. Dorsey, (La.) 5 South. Rep. 26.

It is not ground for new trial that a juror who had stated on his *voir dire* that he had no prejudice against defendant, and could render an impartial verdict, was subsequently discovered to have stated before the trial that he, believed defendant guilty, because two juries had found him guilty, as the two statements are not inconsistent. Blackman v. State, (Ga.) 7 S. E. Rep. 626.

Where it is shown by the *voir dire* examination of a juror that his mind is impressed so thoroughly with the idea of the prisoner's guilt from *newspaper* reports that he *cannot* presume him to be innocent, and can only admit the "possibility" of his being so, he is not competent to sit as juror in the case. Olive v. State, (Neb.) 7 N. W. Rep. 444.

It cannot be said that a juror has formed an unqualified opinion who states that the opinion which he has formed is based upon hearsay, and not upon statements made by any one claiming to have personal knowledge, and that he thinks that he can still render a true verdict. State v. Ormiston, (Iowa,) 23 N. W. Rep. 370; Steagald v. State, (Tex. App.) 3 S. W. Rep. 771.

A juror who states that he has formed and expressed an opinion as to defendant's guilt; that it was based on newspaper reports and rumor; that the opinion was "right positive;" that it would take evidence to remove it; but that he *could* give defendant a fair and impartial trial,

---

[1] See note at end of case.

### Black v. Territory.

and, if the evidence was different from what he had heard, he would change his mind,—is incompetent. Washington v. Com., (Va.) 10 S. E. Rep. 419.

Where a juror testifies, upon examination as to his competency, that he resided in the neighborhood where one of the parties resided, and had had a great deal of talk about the case, that he was not free from bias, and that he thought his condition of mind would influence him in his verdict, it was held he should be excluded from the jury. Hutchinson v. State, (Neb.) 27 N. W. Rep. 113.

The opinion entertained by a juror which disqualifies him is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and whereby, in the mind of the juror, the accused stands condemned already. People v. Barker, (Mich.) 27 N. W. Rep. 539.

A juror who states that he would not give the testimony of one engaged in selling liquor as much weight or credit as if he was engaged in some other business is *prima facie* incompetent to serve as a juror in a prosecution for selling intoxicating liquor, and the trial court should permit him to be questioned on that subject. Stoots v. State, (Ind. Sup.) 9 N. E. Rep. 380.

Where a juror states on his *voir dire* that he heard a person in whom he had confidence make a statement of the case upon hearsay, and that thereupon he (the juror) formed an opinion, provided the statement was true, but had formed no conclusion as to whether or not it was true, it is not a disqualifying conclusion. Balding v. State, (Tex. App.) 4 S. W. Rep. 579.

A juror who states that he has formed an opinion from evidence he heard at the preliminary trial and the report of the evidence in a local paper, but that he can discard his formed opinion, and render an unbiased verdict, is incompetent. State v. Hultz, (Mo. Sup.) 16 S. W. Rep. 940.

On an indictment for murder, the fact that a juror states that he thinks one ought to be sent to the penitentiary for killing another in self-defense will not disqualify him, where he further states that, if instructed by the court to acquit in case defendant killed deceased in self-defense, he would do so. State v. Ford, (La.) 7 South. Rep. 696.

On an indictment for murder, a "fixed" opinion as to defendant's guilt will not disqualify a juror where it is the result of rumor, and not of bias or prejudice against the defendant, and he states that he would be governed solely by the evidence in making up his verdict, and that he can render a fair and impartial verdict on the evidence. State v. Dent, (La.) 7 South. Rep. 694.

Comp. St. Neb. 1889, p. 951, § 669*l*, which provides that the reading of newspaper statements shall not disqualify a juror in a criminal case, if he states on oath that he can render an impartial verdict according to the evidence, also furnishes the correct rule as to how far the reading of newspaper statements disqualifies jurors in civil cases. Scott v. Chope, (Neb.) 49 N. W. Rep. 940.

Under Code Civil Proc. Or. § 187, providing that an opinion already formed by a juror is not alone sufficient to sustain a challenge, but that the court must be satisfied from all the circumstances that the juror cannot try the case impartially, the ruling of the court on the juror's qualifications will not be reviewed unless all of the evidence taken at the examination be presented in the record, although the testimony produced shows the juror to have a fixed opinion on the merits of the cause. State v. Tom, 8 Or. 179, followed. Southern Pac. Co. v. Rauh, 49 Fed. Rep. 696.

Where a juror states on the *voir dire* that he has heard one of the parties to the suit make a statement relative to its merits, and that he has formed an opinion which it will take evidence to change, but thinks that he can render a just verdict, it is within the discretion of the court to sustain the challenge of the adverse party, made under Code Iowa, § 2772, subd. 9, providing that "when it appears the juror has formed or expressed an unqualified opinion on the merits of the controversy, or shows such a state of mind as will preclude him from rendering a just verdict," he may be challenged for cause. Sprague v. Atlee, (Iowa,) 46 N. W. Rep. 756.

A juror challenged by the defense said: "I have formed an opinion. I don't know as I have an opinion now, particularly. What I heard said created an impression on my mind, and I have that impression now. It would require evidence to remove that impression. I think I could sit and try this case fairly and impartially * * * without being biased by my previously formed opinion, but it would take evidence to remove the opinion formed." Held sufficient to warrant a finding that he had formed and entertained an opinion. 46 Hun, 164, affirmed. Young v. Johnson, (N. Y. App.) 25 N. E. Rep. 363.

On a motion to set aside a conviction of murder in the second degree, on the ground of a previously expressed opinion of a juror that defendant should be hung, the juror in question admitted that he might have said defendant "would" be hung, but denied that he said she "should" be hung; that he did not then know that he had been placed on the *venire;* that he had never expressed an opinion as to her guilt or innocence; that his sympathies were with defendant; and that he at first favored fixing her term in the penitentiary at the minimum limit. Held, the defendant was not prejudiced by the impaneling of this juror, and the motion was properly denied. Hodges v. Com., (Va.) 15 S. E. Rep. 513.

The issue raised upon a challenge for cause to a juror in a criminal case, on the ground that he had formed and expressed an opinion as to the issues to be tried, is one of mixed law and fact. The Anarchists' Case, 8 Sup. Ct. Rep. 22.

#### ABILITY TO GIVE FAIR TRIAL.

A juror who states that he has not formed or expressed such an opinion as will prevent him from rendering a true verdict upon the evidence may properly be permitted to serve unless he discloses facts that contradict his statement, and it is not error to overrule a challenge of such

Black v. Territory.

juror for cause. State v. Smith, (Iowa,) 34 N. W. Rep. 597.

Where a juror testifies that he has read a part of the evidence taken before a coroner's inquest, and has formed an opinion as to the guilt of the defendant, but that he has no such impression or bias as would preclude him from listening to the evidence, and passing on the question as impartially as though he had never heard of the case, a challenge for bias may be overruled. State v. Shelton, (Iowa,) 20 N. W. Rep. 459.

A juror is competent who "has an opinion," but declares "he could render a fair and impartial verdict upon the evidence and the law," and it appears that his opinion is not calculated to cause bias. Murphy v. State, (Neb.) 19 N. W. Rep. 489; State v. Saunders, (Or.) 12 Pac. Rep. 441; State v. Vatter, (Iowa,) 32 N. W. Rep. 506; State v. Sopher, (Iowa,) 30 N. W. Rep. 917. But it is error to exclude questions asked by defendant's counsel, evidently designed to bring out the character and force of the opinion. People v. Brown, (Cal.) 14 Pac. Rep. 90.

An opinion formed from conversation with "witnesses of the transaction" absolutely disqualifies a person from serving as a juror in a criminal cause; but this disqualification applies only to opinions formed from conversations with witnesses to the transactions constituting the gravamen of the offense charged, and not to opinions based on conversations with witnesses to some merely incidental or collateral matter connected with the trial. Walker v. State, (Ind. Sup.) 1 N. E. Rep. 856.

An opinion formed as to the guilt or innocence of a principal will not disqualify a juror in the trial of an accessory. Weston v. Com., (Pa. Sup.) 2 Atl. Rep. 191.

Where a juror has read some notice of the crime in the newspapers, but has no formed impressions about it, or firm opinion, and such opinion or impression as he has he could lay aside, and render an impartial verdict according to the evidence, he is competent to sit as a juror. People v. Otto, (N. Y. App.) 5 N. E. Rep. 788; Hall v. Com., (Pa. Sup.) 12 Atl. Rep. 163, and note.

If, upon examination of a juror, it is shown that he has an opinion founded upon newspaper reports, and it shall satisfactorily appear that the character of the opinion is such that it will not interfere with his rendering an impartial verdict, he is competent as a juror. Bohanan v. State, (Neb.) 24 N. W. Rep. 390; State v. Bryant, (Mo. Sup.) 6 S. W. Rep. 102; People v. Crowley, (N. Y. App.) 6 N. E. Rep. 384.

A juror is not ineligible because of having formed an opinion, if he states that that opinion is not so strong as to prevent his giving a true verdict according to the evidence. Railroad Co. v. Moynahan. (Colo. Sup.) 5 Pac. Rep. 811; State v. Smith, (Iowa,) 34 N. W. Rep. 597.

The impressions of a juror as to defendant's guilt, based on what he "had heard" or read in newspapers, do not disqualify him, where he states on his voir dire that he can render a fair and impartial judgment according to the law and the evidence. State v. James, (S. C.) 12 S. E. Rep. 657; Long v. State, (Ala.) 5 South. Rep.

443; Goins v. State, (Ohio,) 21 N. E. Rep. 476; Rizzolo v. Com., (Pa. Sup.) 17 Atl. Rep. 520; Territory v. Bryson, (Mont.) 22 Pac. Rep. 147; Garlitz v. State, (Md.) 18 Atl. Rep. 39; Doll v. State, (Ohio,) 15 N. E. Rep. 293; State v. Bryant, (Mo. Sup.) 6 S. W. Rep. 102; Hall v. Com., (Pa. Sup.) 12 Atl. Rep. 163; State v. Vatter, (Iowa,) 32 N. W. Rep. 506; State v. Brooks, (Mo. Sup.) 5 S. W. Rep. 257.

One who states that he has read newspaper accounts of the murder, has heard the opinions of others, and formed, but not expressed, one of his own, but that it will have no influence on him as a juror, and that he can try the case fairly, is competent. Rose v. State, (Wash. St.) 26 Pac. Rep. 264.

A person tendered as a juror in a criminal case is not incompetent by reason of his having expressed an opinion, where he states upon his voir dire that he knows nothing as to the facts, is not conscious of any bias, and believes he can render a verdict according to the evidence. State v. Summers, (S. C.) 15 S. E. Rep. 369.

The impressions of a juror as to defendant's guilt, based on what he "had heard," does not disqualify him, where he states on his voir dire that he can render a fair and impartial judgment according to the law and the evidence. 12 S. E. Rep. 657, affirmed. State v. James, (S. C.) 13 S. E. Rep. 325.

A juror who states that he heard the evidence on the trial of persons who were indicted with defendant, and that he had formed an opinion as to the guilt of such persons, but had formed no opinion as to the guilt or innocence of defendant, and could give defendant a fair trial, is competent. Pierson v. State, (Tex. App.) 17 S. W. Rep. 468.

Where a juror in a criminal case states on his voir dire that he has formed an opinion as to the guilt or innocence of defendant based on rumor and newspaper reports, but that he is confident he can give defendant a fair and impartial trial, the finding of the court admitting him will not be disturbed unless manifest error is shown. State v. Williamson, (Mo. Sup.) 17 S. W. Rep. 172.

Objection to the competency of a juror is properly overruled where he states that he is impartial, and can give the prisoner a fair trial, and that he has no opinion about the case, though he had previously stated that at the time of its commission he heard some talk about it, and might then have had some opinion about it, but did not remember whether he had or not. Lyles v. Com., (Va.) 13 S. E. Rep. 802.

The fact that, some time before the trial of an action against a town for injuries received from a defective highway, one of the jurors expressed his opinion that the law awarding damages for injuries received from a defective highway was unwise, does not incapacitate him from serving on such a trial, provided it appears that in rendering a verdict he will be guided by the law as laid down by the court. Judd v. Town of Claremont, (N. H.) 23 Atl. Rep. 427.

On an indictment for murder, where a juror in his voir dire states that what he had heard

## Black v. Territory.

about the case has made some impression upon his mind, but that he could go into the jury-box free from bias or prejudice, and try the case fairly and impartially according to the evidence, and the instructions of the court as to the law applicable to the case, he is a competent juror. State v. Ford, (La.) 7 South. Rep. 696.

Though a person tendered as a juror, when interrogated on his *voir dire*, confesses that he has formed a fixed opinion in regard to the guilt of the accused, and that it was such an opinion as to produce a prejudice in his mind against the accused, yet it is not a disqualifying opinion if, on being questioned by the trial judge, he states that it would yield readily to evidence, provided he believed the testimony. State v. Garig, (La.) 8 South. Rep. 934.

Code Ala. § 4331, declares it to be a good ground for challenge by either party in a criminal case that the proposed juror has a fixed opinion as to the guilt or innocence of the defendant, which will bias his verdict; and section 4332 declares that this ground of challenge may be proved by the oath of the juror alone. Held, that one who testifies that he has an opinion as to defendant's guilt, but that it will not bias his verdict, is competent. Hammil v. State, (Ala.) 8 South. Rep. 380.

Where a juror heard "some of the facts," and formed "a slight opinion" at the time, but afterwards forgot even the facts, and another "heard of the case," and formed a conditional opinion, not, however, on the merits, and each swore on his *voir dire* that he thought he could try the case fairly and without regard to his previous opinion, it was not error to disallow challenges thereto, inasmuch as such opinions were not "unqualified * * * as to the merits of the action," within Civil Code Colo. § 182. Collins v. Burns, (Colo. Sup.) 26 Pac. Rep. 145.

On his *voir dire* a juror testified that he had an opinion on the matter in controversy which he could disregard, and try the case on the law and the evidence. His opinion was a loose, hesitating one, formed from reading the newspapers, and from hearing persons talk about the matter. Held, that the challenge to such juror was properly overruled: Hill's Code, § 187, providing that on the trial of a challenge for actual bias, where the juror has formed an opinion on the merits of the cause, "such opinion shall not of itself be sufficient to sustain the challenge, but the court must be satisfied from all the circumstances that the juror cannot disregard such opinion, and try the issue impartially." Kumli v. Pacific Co., (Or.) 28 Pac. Rep. 637.

A juror in a criminal case stated on his *voir dire* that he "had heard a portion of the evidence on the *habeas corpus* trial, and had then formed an opinion in reference to the guilt or innocence of defendant, but that this opinion, so formed, would not now influence his verdict, and that he could, notwithstanding such former opinion, render an impartial verdict according to the law and the evidence." Held, that the juror was not rendered incompetent by Code Crim. Proc. Tex. art. 636, subd. 13, which provides that a juror in a criminal case may be challenged for cause on the ground "that, from hearsay or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as will influence him in his action in finding a verdict." Johnson v. State, (Tex. App.) 17 S. W. Rep. 252.

OPINIONS REQUIRING EVIDENCE TO REMOVE — WHEN A DISQUALIFICATION.

Any opinion or impression in a person's mind that requires removal by evidence is sufficiently positive to disqualify him. People v. Shufelt, (Mich.) 28 N. W. Rep. 79.

A juror is not competent who, from rumor or newspaper reports, has formed an opinion of the guilt or innocence of the accused, which it would require evidence to remove, though the juror may believe that he could give an impartial verdict. State v. Beatty, (Kan.) 25 Pac. Rep. 899; In re Klock, (Sup.) 3 N. Y. Supp. 478; State v. Cunningham, (Mo. Sup.) 12 S. W. Rep. 376; Thurman v. State, (Neb.) 43 N. W. Rep. 404; People v. McQuade, (N. Y. App.) 18 N. E. Rep. 156.

A juror in a civil case who had made up his mind against defendant, and whose opinion against it is so strong as to require evidence to remove it, is incompetent. McKinney v. Railroad Co., (Sup.) 6 N. Y. Supp. 168, distinguished. Halsted v. Railway Co., (Super. N. Y.) 11 N. Y. Supp. 44.

A juror in a criminal case, who states that he has formed an opinion from what he had read, and that it is "very doubtful" whether, notwithstanding such opinion, he can give accused a fair and impartial trial, is incompetent. State v. Brooks, (Mo. Sup.) 5 S. W. Rep. 257.

A juror who states on his *voir dire* that he has formed an opinion as to defendant's guilt or innocence that will require evidence to remove, is disqualified, though he also states that he can discard that opinion, and give defendant a fair and impartial trial. Vance v. State, (Ark.) 19 S. W. Rep. 1066.

Where a juror in a murder case states that he has formed · and expressed an opinion which would require evidence to remove, but that he would try the case on the evidence and the law, he is disqualified on the ground of "actual bias," within Code Wash. § 211, subd. 2. State v. Coella, (Wash. St.) 28 Pac. Rep. 28.

A juror, on examination on *voir dire*, stated that he heard the evidence at a previous investigation, and had formed an opinion as to the guilt or innocence of the accused; that "evidence would have to be very strong to change it;" and that "it would be a hard matter to set aside the evidence he had based his opinion on." Held, that he was not a qualified juror. King v. State, (Ala.) 7 South. Rep. 750.

A juror in a criminal prosecution disclosing on his *voir dire* that he has an opinion as to the guilt or innocence of the accused, based on rumor and what he has heard in the court-room, which will require evidence to remove, is incompetent, though he may state that he can render an impartial verdict under the law and evidence. Miller v. State, (Neb.) 45 N. W. Rep. 451, followed. Curry v. State, 4 Neb. 548; Cowan v.

Stamper v. Gay.

State, (Neb.) 35 N. W. Rep. 405; Olive v. State; (Neb.) 7 N. W. Rep. 444; Owens v. State, (Neb.) 49 N. W. Rep. 226.

A juror stated that he had talked about the case with 30 or 40 people, including one of the jury who had tried a person indicted jointly with the defendant, and had read newspaper reports of the testimony before the coroner's jury and at the preliminary examination; that his opinion was confirmed, and strong evidence would be required to remove it, but that he would be governed by the law and the evidence, and could lay aside all previous impressions. Held incompetent. Scott, J., dissenting. Rose v. State, (Wash. St.) 26 Pac. Rep. 264.

OPINIONS REQUIRING EVIDENCE TO REMOVE — WHEN NOT A DISQUALIFICATION.

A juror who has no fixed and settled opinion, and can try the cause without bias, is not disqualified by an impression from rumor only, though it would take evidence to remove it. State v. Elkins, (Mo. Sup.) 14 S. W. Rep. 116; Sneed v. State, (Ark.) 1 S. W. Rep. 68; Livar v. State, (Tex. App.) 9 S. W. Rep. 552; Steagald v. State, (Tex. App.) 3 S. W. Rep. 771.

Where a juror has formed an opinion from reading newspaper reports of the crime, and testifies on his voir dire that it will require the evidence of sworn witnesses to alter this opinion, but that he believes he can try the case according to the law and the evidence, he is not disqualified. Com. v. McMillan, (Pa. Sup.) 22 Atl. Rep. 1029.

A juror stated on his voir dire that he had formed an opinion as to the guilt or innocence of defendant from what he had read in the newspapers, which would require strong evidence to remove; but he subsequently declared that the opinion or impression which he had would not influence the verdict, and that he would decide the question involved upon the evidence, uninfluenced by anything else whatever. Held, that he was competent to serve. People v. Wah Lee Mon, (Sup.) 13 N. Y. Supp. 767.

The fact that a person offered as a juror on a trial for manslaughter has read newspaper accounts of the coroner's inquest, and formed an opinion from such accounts, not knowing that they were derived from the evidence of witnesses under oath, which opinion he states it would take evidence to remove, does not render him incompetent if it also appears that, on the evidence produced, uninfluenced by any opinion thus acquired, he could determine the issues involved. Greenfield v. People, 74 N. Y. 277; People v. McQuade, (N. Y. App.) 18 N. E. Rep. 156, distinguished. People v. McGonegal, (Sup.) 17 N. Y. Supp. 147.

A juror in a trial for murder stated on his voir dire that newspaper accounts of the tragedy had made an impression on his mind, but that it would yield to evidence, and that he could give defendant a fair and impartial trial. Another stated the same thing, and, further, that he would not be willing to act on what he had read, but that it would take evidence to remove his impression. A third juror stated that he had not

made up a "decided opinion," but had formed an impression that "would be a right hard thing to get over, but that it would not require sworn statements to remove it." Held, that all these jurors were competent. Hall v. Com., (Va.) 15 S. E. Rep. 517.

A juror upon examination on his voir dire said that he lived eight miles from the house of deceased, and knew him, and that he had met defendant several times; that he had not talked with the witnesses about the case; that he had an opinion as to defendant's guilt or innocence, which evidence would be required to remove; that, if the evidence was as he had heard it, his mind would be unchanged, but that he could render a fair and impartial verdict upon the evidence and instructions, uninfluenced by his present opinion. Held, that he was a competent juror, under Code Crim. Proc. Tex. art. 636, subd. 13. which provides that a juror may be challenged for cause when there is "established" in his mind such a conclusion of defendant's guilt or innocence as will influence his verdict. Suit v. State, (Tex. App.) 17 S. W. Rep. 458.

Rev. St. Ill. c. 78, § 14, providing that a juror shall not be disqualified because he has formed an opinion based upon rumor, or upon newspaper statements, about the truth of which he has expressed no opinion, if upon oath he states that he believes he can fairly and impartially render a verdict in accordance with the law and the evidence, does not violate section 9, art. 2, Const. Ill., which guaranties to the accused party in every criminal prosecution "a speedy public trial by an impartial jury." Spies v. People, (Ill. Sup.) 12 N. E. Rep. 865.