THE STATE OF IOWA, Appellee, v. G. W. FIELD, Appellant.

1. **Criminal Law**: JURORS: DISQUALIFICATION: OPINION FORMED. The fact that a juror has formed an opinion as to the guilt or innocence of the accused does not necessarily disqualify him, under section 4405, subd. 11, of the Code, even though some evidence would be required to remove it. The opinion that disqualifies is such an one "as would prevent him from rendering a true verdict upon the evidence submitted on the trial."

2. **Intoxicating Liquors**: SALES BY DRUGGIST AND PHYSICIAN: EVIDENCE OF GOOD FAITH. On the trial of a druggist, who was also a physician, on a charge of selling intoxicating liquors contrary to law, the court instructed that the good faith of the defendant was a material fact in his defense, but sustained objections to questions asked the defendant, as a witness, whether sales to two certain persons were made by him as a physician in good faith. *Held*, that this was error, but that it was without prejudice, in view of the fact that the defendant had several times emphatically testified that all sales made by him were made as a physician, and in good faith.

3. ———: ———: GOOD FAITH: INSTRUCTION TO JURY. In such case, the court instructed the jury, that if it found that the liquor was sold and dispensed by the defendant in good faith, as a physician, to patients actually sick and under his treatment, to acquit. *Held*, that the instruction was in accord with section 2, chapter 35 of Acts of the Twenty-third General Assembly, and that to have so modified it as to justify sales to patients whom the defendant in good faith *believed* to be actually sick, would not have been warranted by the law.

*Appeal from Humboldt District Court.*—HON. LOT
THOMAS, Judge.

THURSDAY, OCTOBER 5, 1893.

INDICTMENT for maintaining a liquor nuisance.
Verdict of guilty, and a judgment from which the
defendant appeals.—*Affirmed.*

*R. M. Wright* and *P. Finch*, for appellant.

*John Y. Stone* and *Thomas A. Cheshire*, for the
State.

GRANGER, J.—I.  At the impaneling of the jury to
try the indictment two of the jurors answered that they
1. CRIMINAL law: had formed opinions as to the guilt or
jurors: dis-
qualification: innocence of the accused from what they
opinion
formed.   had heard; that it would require evidence
to remove the opinions formed; and one of them said
he did not think he could try the case just as fairly and
impartially on the evidence and the law "as if he had
never heard of the case in the world until he came into
the jury box."   Each juror stated that he had not
formed an unqualified opinion of the guilt or innocence
of the defendant, and made such statements as to show
that, while some evidence would be required to change
his opinion upon the question of guilt or innocence,
yet it was not such an opinion that the district court
could not properly conclude that they could render "a
true verdict upon the evidence submitted on the trial."
The opinion that disqualifies a juror is such a one "as
would prevent him from rendering a true verdict upon
the evidence submitted on the trial.  Code, section
4405, subd. 11.   Hence an opinion as to the guilt or
innocence of the accused does not necessarily disqual-
ify a juror, even though some evidence would be re-
quired to remove it.   It must of necessity be, in any case

where an opinion is formed, that some evidence would
be required to remove it. The statute evidently contem-
plates the existence of such an opinion as will not pre-
vent a juror from rendering a true verdict, for it
requires the court to find whether or not the opinion
formed, if any, will prevent such a verdict. We think
there was no error in not excluding the jurors. See
*State v. Bruce*, 48 Iowa, 534; *State v. Sopher*, 70 Iowa,
496; *State v. Vatter*, 71 Iowa, 558; *State v. Munchrath*,
78 Iowa, 268.

II. The defendant was a physician, and kept a
drug store. The evidence shows that people would go

2. INTOXICATING
liquors: sales
by druggist
and physician:
evidence of
good faith.

to his store and ask for "red medicine,"
which meant whisky, or "white medicine,"
which meant alcohol, and obtain it. A
theory of the defense is that whatever was obtained was
prescribed by the defendant as medicine. Two wit-
nesses testified that they bought red or white medicine of
the defendant, and mixed it with water and drank it.
The defendant was a witness in his own behalf, and, after
stating the particulars of the sales to the two witnesses,
—as that they came saying that they were not well, and
what he let them have was as their physician, and as
medicine,—he was asked as to each sale to "state
whether or not it was done in good faith or otherwise?"
The questions were each objected to as immaterial, and
the objection sustained. The questions were not
immaterial. Their competency is not brought in ques-
tion in this case. The court, in its instructions, recog-
nized the materiality of good faith in making the
prescriptions by the defendant as a physician, and only
permitted the defendant to justify the acts of selling
on the basis of their being medical prescriptions,
made in good faith. But we think the error is not
prejudicial, because the testimony sought was several
times given as to sales to other witnesses with-
out objection, and the defendant, in testifying as to

prescriptions for one Tokhiem, said: "I did that as a physician, and it was done in good faith." He then made this general statement: "All the white and red and brown medicine obtained from me was dispensed in the manner I have stated, and that was done by me as a physician in good faith." It may be stated that there is no fact made more prominent in the testimony of the defendant than that his prescriptions were made in good faith.

III. The court instructed the jury that if they found that the liquor was sold and dispensed by the defend-

*3. ——: ——: good faith: instruction to jury.* ant in good faith, as a physician, to patients actually sick and under his treatment, to acquit. Complaint is made of the instruction, because it limits the sales to cases of actual sickness; and defendant asked an instruction with the rule so changed as that the sale would be justified if made "to patients who were actually sick, or, whom the doctor in good faith believed to be actually sick." The law by which licensed physicians are excepted from the operations of the law prohibiting sales of intoxicating liquor, fully sustains the action of the court. Section 2, chapter 35, of Acts of the Twenty-Third General Assembly, is the one in general terms prohibiting such sales, and as to physicians it contains this proviso: "Provided further that this section shall not be construed to prevent licensed physicians from dispensing in good faith such liquors as medicine to patients actually sick, and under their treatment at the time of such dispensing." The rule contended for would require us to ingraft upon the proviso a clause evidently not intended, and certainly not within its present letter or spirit. The refusal of the court to give another instruction asked by the defendant is controlled by the same considerations.

The judgment is AFFIRMED.